UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KURSAM J. MAXIUS,

    Petitioner,

v.

ROY L. HENDRICKS,

    Respondent.

Civ. No. 14-6782 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Until December 19, 2014, the petitioner, Kursam J. Maxius, was in custody as an immigration detainee at the Essex County Correctional Facility in Newark, New Jersey. Mr. Maxius is a native and citizen of St. Lucia. While in custody, he filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed as moot.

## II. BACKGROUND

Mr. Maxius was placed into immigration custody on April 14, 2014. He states in his petition that his order of deportation became final on September 1, 2011.

On October 30, 2014, this Court received Mr. Maxius's § 2241 petition. In that petition, Mr. Maxius argued that his immigration detention had become so prolonged so as to violate *Zadvydas v. Davis*, 533 U.S. 678 (2001). The relief sought in the petition was a release from custody under reasonable conditions of supervision.

Approximately one week after receiving the petition, on November 7, 2014, I ordered respondent to answer. On December 22, 2014, Respondent submitted a declaration which states

1

that Mr. Maxius was released from immigration detention under an order of supervision on December 19, 2014. Respondent attached a copy of the order of supervision to the declaration.

### III. DISCUSSION

The Attorney General has the authority to detain aliens in removal proceedings both before and after the issuance of a final order of removal. Post-removal order immigration detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If

> the respondent has filed a timely appeal with the Board, the
> order shall become final upon an order of removal by the
> Board or the Attorney General, or upon overstay of the
> voluntary departure period granted or reinstated by the Board
> or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982
> of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4)
> of this title or who has been determined by the Attorney General to
> be a risk to the community or unlikely to comply with the order of
> removal, may be detained beyond the removal period and, if
> released, shall be subject to the terms of supervision in paragraph
> (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas, supra*, the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 689. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggest that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (per curiam) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

3

With that as a legal background, I find that Mr. Maxius's habeas petition is moot because he has received the very relief the petition sought: release on bond. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (citations omitted).

Respondent has submitted sufficient proof that, on December 19, 2014, Mr. Maxius was release from immigration detention under an order of supervision. In finding his petition moot, I am guided by *Nunes v. Decker*, 480 F. App'x 173 (3d Cir. 2012) (per curiam). In *Nunes*, the petitioner unsuccessfully sought release from post-order-of-removal immigration detention under *Zadvydas,* and appealed that denial. *Id.* at 174. After the matter was fully briefed on appeal, the Court learned that Nunes had been released pursuant to an order of supervision which did not provide for future detention, unless of course he violated the conditions of release. *See id.* at 175. There was no particular likelihood that Nunes's detention would resume; Nunes himself had acknowledged the conditions of release in writing, and the Court could not assume that he would violate them and place himself at risk of detention. *See id.* The Court of Appeals dismissed the case as moot.

Here, as in *Nunes*, Mr. Maxius has been released from immigration detention pursuant to an order of supervision, as he requested. There is no reason to think he will be detained again unless he violates conditions of supervision, a speculative state of affairs and one within his control. Accordingly, Mr. Maxius's petition seeking release from post-order removal immigration detention is moot, as he "has achieved the result he sought in his habeas petition and his change

in circumstances has 'forestalled any occasion for meaningful relief.'" *Id.* (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Dubois v. Hendricks*, No. 14-3861, 2014 WL 4105482, at *3 (D.N.J. Aug. 18, 2014) (dismissing habeas petition raising *Zadvydas* claim as moot where petitioner was released from immigration detention pursuant to an order of supervision); *Rojas v. Lowe*, No. 13-0871, 2013 WL 5876851, at *3 (M.D. Pa. Oct. 30, 2013) (same).

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed as moot. An appropriate order will be entered.

Dated: January 26, 2015

_____
KEVIN MCNULTY
United States District Judge